UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARY ANNE HARDING,

                Plaintiff,

        - against -

NEWBURGH ENLARGED CITY
SCHOOL DISTRICT,

              Defendants.
------------------------------------------------------------X

Index No. 05 CIV 4445 (GAY)

**AMENDED
COMPLAINT**

*[FILED STAMP: U.S. DISTRICT COURT FILED JAN 2 2 2007 S.D. OF N.Y. W.P.]*

      Plaintiff, by her Attorney, BARRY D. HABERMAN, ESQ., complaining of the Defendants, by their Attorney, Barry D. Haberman, Esq., respectfully alleges as follows:

      1.     Plaintiff, Mary Ann Harding, (herein referred to as "Harding") is a New York resident domiciled at 10 Silo Lane, Middletown, New York 10940.

      2.     Said domicile of Plaintiff, "Harding", is located in the jurisdiction of the Southern District of New York, United States of America.

      3.     Upon information and belief, Defendant, Newburgh Enlarged City School District, herein referred to as "Newburgh", is a Public School District in the State of New York.

      4.     Upon information and belief, Defendant, "Newburgh's" location is 124 Grand Street, Newburgh, New York 12550.

      5.     Upon information and belief, the Defendant, "Newburgh" is located within the jurisdiction of the Southern District of New York.

      6.     Upon information and belief, Defendant, "Newburgh", employs more than 501 persons.

7. Upon information and belief, Defendant, "Newburgh" is a governmental entity, such that it is deemed a state actor in its activities.

8. The dominant subject matter of this Verified Complaint is grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., "ADA".

9. Under 28 U.S.C. sec. 1331, actions grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 and the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., "ADA" are permitted to be brought before the United States Courts.

10. As the Defendant, "Newburgh", is a resident of locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

11. On or about January 28, 2004, the Plaintiff, "Harding" filed a Verified Complaint with the United States Equal Employment Opportunity Commission, herein referred to as the "EEOC". Said Charging Complaint was designated as EEOC No.: 160-2004-01126. Said Charging Complaint alleges discriminatory acts by the Defendant concerning this matter. (See Exhibit 1)

12. On or about February 4, 2005 a Notice of Right to Sue was issued by the "EEOC" to Counsel for the Plaintiff, "Harding." (See Exhibit 2)

13. On or about February 10, 2005 the Notice of Right to Sue was received by Counsel for the Plaintiff, "Harding." (See Exhibit 2)

14. The initiating Summons and Complaint was filed within 90 days of the receipt of said Notice of Right To Sue.

15. The instant action was commenced with the filing of a Complaint with the Clerk for the Southern District of New York on September 1, 2006. Said Complaint was assigned Index Number 05 CIV 4445 (GAY). Said Complaint is attached herein as Exhibit 3.

16. Pursuant to Fed.R.Civ.P. 15(a), Plaintiff, "Harding" now amends the instant action.

17. The Plaintiff, "Harding" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

18. The Plaintiff, "Harding" was hired for employment by the Defendant, "Newburgh" and commenced duties as a Teacher in September, 1999.

19. At all times relevant to this Complaint, the Plaintiff, "Harding" was and is employed by the Defendant, "Newburgh"".

20. The Plaintiff, "Harding" was employed by the Defendant, "Newburgh", at the Heritage Junior High School from September, 1999 through June, 2002.

21. The Plaintiff, "Harding" was employed by the Defendant, "Newburgh" at the Temple Hill Academy from September, 2002 through March 2004.

22. Prior to the events which are the subject of the instant Complaint, all of the evaluations of the Plaintiff, "Harding's" professional performance had been rated outstanding by the Defendant, "Newburgh".

3

23. The Plaintiff, "Harding" was granted tenure as a Teacher by the Defendant, "Newburgh" with said tenure commencing September, 2001.

24. The Plaintiff, "Harding" suffers from asthma.

25. Said condition, has greatly impacted the health of the Plaintiff "Harding". Said condition is an impairment of a major life activity as interpreted under Federal Statutes.

26. During the course of the Plaintiff's employment by the Defendant, and during the performance of the Plaintiff's duties on behalf of the Defendant, the Plaintiff was on at least two occasions physically assaulted by students.

27. Said physical assaults caused great harm to the Plaintiff, requiring the Plaintiff to take a leave of absence from employment.

28. As the result of such physical harm, the Plaintiff applied for Workers' Compensation benefits, under the insurance program maintained by the Defendant.

29. Upon information and belief, the Defendant was informed of the application by the Plaintiff for Workers' Compensation benefits.

30. As the result of such physical harm, the Plaintiff was deemed eligible for benefits under New York Workers' Compensation Law.

31. Upon information and belief, the Defendant had actual knowledge of the Plaintiff's application for Workers' Compensation benefits.

32. Upon information and belief, the Defendant had and has actual knowledge of the Workers' Compensation Board deeming the Plaintiff eligible for Workers' Compensation benefits.

33. As the result of the Plaintiff's exposure to mold and other foreign substances present on the premises of the Defendant, the Plaintiff was deemed eligible for Workers' Compensation benefits in the fall of 2003.

34. Upon information and belief, the Defendant had actual knowledge of the Plaintiff's application for Workers' Compensation benefits due to the presence of mold and other foreign substances

35. Upon information and belief, the Defendant had and has actual knowledge of the Workers' Compensation Board deeming the Plaintiff eligible for Workers' Compensation benefits due to the exposure to mold and other foreign substances.

36. As of the date of this Amended Complaint, the Plaintiff is still receiving medical benefits pursuant to New York Workers' Compensation Law.

37. Upon information and belief, he benefits received by the Plaintiff pursuant to Workers' Compensation Law are paid for by the Defendant.

38. Upon information and belief, as the result of the foregoing, the Defendant considered the Plaintiff as suffering from a disability as an impairment of a major life activity as interpreted under Federal Statutes

39. The Plaintiff, "Harding" is fully capable of performing all of her duties.

40. The Plaintiff, "Harding" requested a reasonable accommodation from the Defendant, "Newburgh" on September 16, 2003.

41. On or about September 19, 2003, the Defendant, "Newburgh" denied the Plaintiff, "Harding" the reasonable accommodation.

42.     The Plaintiff, "Harding" requested a reasonable accommodation to not be assigned to classroom which was infected with the presence of mold and was affected by other unsanitary conditions.

43.     The Plaintiff, "Harding" was informed by the Defendant, "Newburgh" that she must perform her teaching duties in said room.

44.     On or about January 5, 2004, the Plaintiff, "Harding" was offered a transfer to a room which would have required said Plaintiff to walk up several flights of stairs.

45.     The Plaintiff, "Harding" provided to the Defendant, "Newburgh" medical documentation demonstrating that she was unable to physically walk up the stairs, as said activity would cause respiratory distress and exasperate physical injuries suffered during the course of the Plaintiff's employment.  (The Plaintiff, "Harding" had suffered a severe physical assault during the course of her employment by the Defendant, "Newburgh" by several students.")

46.     The Plaintiff, "Harding" provided to the Defendant, "Newburgh" medical documentation demonstrating her ability to function as a Teacher provided said reasonable accommodation was provided.

47.     The Defendant, "Newburgh" denied the Plaintiff, "Harding" said reasonable accommodations until March 2004.

48.     The Defendant, "Newburgh" provided the reasonable accommodation only after the Plaintiff, "Harding" incurred the expense of retaining legal Counsel and filing a Charging Complaint with the Equal Employment Opportunity Commission.

49. The reasonable accommodation was a transfer to a different school building, where the accommodations for the Plaintiff's medical conditions were instituted.

50. Upon information and belief, the reasonable accommodation was always available, since the position assumed by the Plaintiff, "Harding" in the different school was at the time, staffed by an individual who was not licensed to teach by the New York State Department of Education.

51. Thus, the Plaintiff, "Harding" suffered loss of compensation from employment from approximately September 25, 2003 through March 22, 2004.

52. Said treatment of the Plaintiff, "Harding" by the Defendant, "Newburgh" was and is in violation of the Plaintiff, "Harding's" rights under Title VII of the Civil Rights Act of 196442 U.S.C. sec 2000e et seq., as amended in 1991 ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., ("ADA")

53. For all of the above, the Plaintiff, "Harding" is entitled to back pay (including the value of all fringe benefits) and punitive damages. The Plaintiff, "Harding" is also entitled to recover attorney's fees.

54. Thus, the Plaintiff, "Harding" seeks back pay in the amount of $35,000.00, the value of lost fringe benefits and punitive damages in the amount of $300,000.00 plus attorney fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

55. The Plaintiff, "Harding", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

56. The Defendant, "Newburgh" is a recipient of Federal Funds as defined under 29 U.S.C. sec. 794(b).

57. As such, the Defendant, "Newburgh" is required not to discriminate against an otherwise qualified individual with respect to participation in the benefits of such Federally provided Funds.

58. The Plaintiff, "Harding" as the result of her physical condition suffers from an impairment of major life functions, as defined by the Rehabilitation Act.

59. With reasonable accommodations, the Plaintiff, "Harding" is able to perform all the duties required in her employment by the Defendant, "Newburgh"

60. Upon information and belief, the Defendant, "Newburgh" refused to provide the reasonable accommodation.

61. Said action by the Defendant, "Newburgh" is a violation of the Plaintiff, "Harding" rights under the Rehabilitation Act, 29 U.S.C. sec. 794 et. seq., as the Defendant, "Newburgh" discriminated against the Plaintiff, "Harding" solely due to her disability.

62. Thus, the Plaintiff, "Harding" is entitled to is entitled to recover back pay, restoration of lost fringe benefits as well as attorney fees, the remedy provided a plaintiff under the provisions of the Rehabilitation Act, 29 U.S.C. sec. 794 et seq.

63. Thus, there is now due and owing from the Defendant, "Newburgh" to the Plaintiff, "Harding" back pay in the amount of $35,000.00, the value of lost fringe benefits, and attorney fees.

## AS AND FOR A THIRD CAUSE OF ACTION

64. The Plaintiff, "Harding", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

65. The Plaintiff, "Harding" filed several complaints and grievances with the Defendant, "Newburgh".

66. The Plaintiff, "Harding" filed such complaints and grievances in the hope the Defendant, "Newburgh" would make the necessary reasonable accommodations required.

67. The Defendant, "Newburgh" has refused to make such reasonable accommodations. Instead, the Defendant, "Newburgh" has pursued a retaliatory and vindictive course of action against the Plaintiff, "Harding".

68. Said treatment is discriminatory in that no other faculty members were subjected to such treatment.

69. Said actions by the Defendant, "Newburgh" are discriminatory, because the Defendant, "Harding" is attempted to use the legitimate complaints of the Plaintiff, "Harding" to construct a record to justify an adverse employment action, (negative comments in the employment record, leading to suspension of employment or termination of employment).

70. Said treatment is retaliatory, because none of these actions occurred until such time as the Plaintiff, "Harding" began formally complaining about the Defendant, "Newburgh" discriminatory behavior and lack of compliance with the "ADA".

71. Said retaliatory actions against the Plaintiff, "Harding", by the Defendant, "Newburgh", constitute a violation of the Plaintiff, "Harding's rights under the provisions

9

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. sec 12101 et. seq. ("ADA").

72. For all of the above, the Plaintiff, "Harding" is entitled to back pay and punitive damages. The Plaintiff, "Harding" is also entitled to attorney fees.

73. The Plaintiff, "Harding" lost $35,000.00 in compensation, as the direct result of the actions of the Defendant, "Newburgh".

74. Thus, there is now due and owing from the Defendant, "Newburgh" to the Plaintiff, "Harding" the sum of $35,000.00 for lost compensation, plus the value of lost fringe benefits.

75. For the retaliatory actions of the Defendant, "Newburgh", the Plaintiff, "Harding", seeks $300,000.00 in punitive damages.

76. Thus, there is now due and owing from the Defendant, "Newburgh" to the Plaintiff, "Harding" back pay in the amount of $35,000.00, punitive damages in the amount of $300,000.00, plus attorney fees.

### AS AND FOR A FOURTH CAUSE OF ACTION

77. The Plaintiff, "Harding", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

78. Upon information and belief, the Plaintiff "Harding" returned to work when the Defendant, "Newburgh" acknowledged that there was an unlicensed and non-certified individual performing the duties of a teacher, and thus, there was an open position for the Plaintiff to fill.

79. Upon information and belief, said individual informed other employees of the Defendant, "Newburgh" that the Plaintiff, "Harding" caused the individual (Debbie Barnett) to lose her employment.

80. Upon information and belief, this activity, which has persisted since March 2004 has caused the Plaintiff to suffer the consequences of working in a hostile work environment.

81. This hostile work environment has manifested itself through the acts of the Principal of the Gardnertown School, Gail Wilson, "Wilson" (employed be the Defendant, "Newburgh") harassing the Plaintiff on a constant basis.

82. Upon information and belief, the Plaintiff has been harassed by "Wilson" in the presence of other employees of the Defendant, by said "Wilson" questioning the Plaintiff's medical disabilities and by "Wilson" improperly attempting to discipline the Plaintiff in violation of the established rules of the Collective Bargaining Agreement between the Defendant and the Plaintiff's Union.

83. This has had an adverse effect on the Plaintiff's job rating, as the Defendant, through the acts of "Wilson" has questioned the Plaintiff's work performance, ability to teach and incomprehensible as it seems, the Plaintiff's discriminatory animus towards student.

84. Upon information and belief, the Defendant, "Newburgh" through the acts of its employee "Wilson" have altered the Plaintiff's working conditions, by without any business rule justification, prohibited the Plaintiff from serving in various teaching capacities for which the Plaintiff is eminently qualified and reassigned the Plaintiff to

11

duties which exceed the rights of the Defendant, "Newburgh" pursuant to the Collective Bargaining Agreement.

85. Upon information and belief, the acts of the Defendant's employee, "Wilson" is in retaliation for the Plaintiff replacing "Barnett" as the reading specialist in the Gardnertown School.

86. This retaliation persists even though "Barnett" was never certified or licensed by the New York State Department of Education as a teacher, let alone a reading teacher (unlike the Plaintiff who does possess said certification).

87. This retaliation persists even though the Defendant was required to transfer the Plaintiff to a location where the reasonable accommodation was available, as the position of reading teacher in the Gardnertown School was open (the Defendant cannot claim said position was unavailable, as the Defendant was using an unlicensed, uncertified individual (Ms. Barnett) in violation of the regulations of the New York State Department of Education).

88. The retaliation continues through this date, with the Defendant ignoring the acts of "Wilson", with "Wilson" requiring a physician's note to use a handicap parking spot (even though "Wilson" knows that the Plaintiff has a Handicap tag issued for her car) and with "Wilson" improperly urging other employees to question the Plaintiff's disabilities.

89. Upon information and belief, the acts of retaliation and the creation of a hostile work environment are motivated purely for spiteful purposes, and are enacted solely for the purpose of harassing and intimidating the Plaintiff.

90. Due to the retaliatory acts of the Defendant, and the resultant hostile work environment, the Plaintiff has sought a transfer within the Defendant's school system to open positions of employment posted by the Defendant.

91. The Defendant has denied the Plaintiff's request for a transfer, knowing that employees of the Defendant have created a hostile work environment as stated above. Upon information and belief, the Defendant, in denying the application for a transfer has stated to the Plaintiff that it is not the policy to transfer personnel during the school year.

92. However, the Plaintiff is aware that several transfers of teachers employed by the Defendant have occurred of recent date, and thus, the denial of same to the Plaintiff is continued retaliatory acts and evidence of the creation of a hostile work environment designed to inflict harm upon the Plaintiff.

93. For the retaliatory actions of the Defendant, "Newburgh", the Plaintiff, "Harding", seeks $300,000.00 in punitive damages.

94. Thus, there is now due and owing from the Defendant, "Newburgh" to the Plaintiff, "Harding" punitive damages in the amount of $300,000.00, plus attorney fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

95. The Plaintiff, "Harding", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

96. Said actions of the Defendant, "Newburgh", discriminating against the Plaintiff, "Harding", denying the Plaintiff, "Harding", a reasonable accommodation and the retaliatory actions against the Plaintiff, "Harding", relating to her disability, is a

violation of the Plaintiff, "Harding's", rights under New York State Human Rights Law, Executive Law (Article 15), Sec. 290 et. seq.

97. Under New York State Human Rights Law, to state a cause of action for disability discrimination, the Plaintiff, "Harding", is required to demonstrate a physical impairment, a record of such impairment, or a condition regarded as others as such impairment.

98. The Plaintiff, "Harding" has a certified medical condition, and said condition was known by the Defendant, "Newburgh"".

99. The Defendant, "Newburgh" has acknowledged that it has regarded the Plaintiff possessing a condition which is considered a physical impairment.

100. The Plaintiff, "Harding" was deemed partially disabled in an action commenced against the Defendant, "Newburgh" in actions determined by the Workers' Compensation Board.

101. The Defendant, "Newburgh" was a participant in said actions, was represented by Counsel in said actions, with said actions determined on the merits after a full and fair opportunity to be heard. Thus, the Defendant, "Newburgh" is judicially estopped from contesting the determinations of the Workers' Compensation Board, namely, that the Plaintiff, "Harding" was disabled and partially disabled as the result of events which occurred during the time that the Plaintiff, "Harding" was employed by the Defendant, "Newburgh."

102. Thus, under New York law, as well as Federal Law, the Plaintiff, "Harding", states a cause of action against the Defendant, "Newburgh", for discrimination due to a disability.

103.    The actions of the Defendant, "Newburgh" enhanced the Plaintiff's medical disabilities, causing the Plaintiff, "Harding" to develop additional significant pulmonary distress as well as a myriad of other medical issues.

104.    Under New York State Human Rights Law, the Plaintiff, "Harding", is entitled to recover back pay, restoration of lost fringe benefits and damages suffered due to pain and suffering.

105.    Thus, there is now due and owing from the Defendant, "Newburgh" to the Plaintiff, "Harding" back pay in the amount of $35,000.00, the value of lost fringe benefits and damages for pain and suffering in the amount of $2,000,000.00.

**WHEREFORE,** the Plaintiff, "Harding" demands judgment:

(1)    Against the Defendant, "Newburgh" for discrimination suffered in violation of the Plaintiff, "Harding's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2)    Against the Defendant, "Newburgh", awarding the Plaintiff, "Harding", back pay in the amount of $35,000.00, the value of the fringe benefits and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(3)    Against the Defendant, "Newburgh" for the violations of the Plaintiff, "Harding's" rights under the provisions of the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., "ADA".

(4) Against the Defendant, "Newburgh", awarding the Plaintiff, "Harding", back pay in the amount of $35,000.00, the value of the fringe benefits and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., "ADA" for the failure to provide reasonable accommodations as required.

(5) Against the Defendant, "Newburgh", awarding the Plaintiff, "Harding", back pay in the amount of $35,000.00, the value of the fringe benefits and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., "ADA" for the retaliatory actions of the Defendant, "Newburgh".

(6) Against the Defendant, "Newburgh" for discrimination suffered in violation of the Plaintiff, "Harding's" rights under the provisions of the Rehabilitation Act 29 U.S.C. sec. 794 et. seq.

(7) Against the Defendant, "Newburgh", awarding the Plaintiff, "Harding", back pay in the amount of $35,000.00 and the value of the fringe benefits, the remedy provided a Plaintiff under the provisions of the Rehabilitation Act 29 U.S.C. sec. 794 et. seq.

(8) Against the Defendant, "Newburgh", for the violation of the Plaintiff, "Harding's" rights under the provisions New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. due to the discriminatory acts of the Defendant, "Newburgh".

(9) Against the Defendant, "Newburgh", awarding the Plaintiff, "Harding", back pay in the amount of $35,000.00 the value of the fringe benefits, and damages for pain and suffering in the amount of $2,000,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for discrimination based upon a disability.

(10) Awarding Plaintiff, "Harding", attorney fees as applicable under "Title VII", the "ADA" and the Rehabilitation Act.

(11) Granting to Plaintiff, "Harding" such other and further relief as the Court deems just and proper.

Dated: New City, New York
January 10, 2007

BARRY D. HABERMAN, ESQ.
ATTORNEY FOR PLAINTIFF
MARY ANNE HARDING
254 SOUTH MAIN STREET #401
NEW CITY, NEW YORK 10956
845-638-4294